Judge Marshall

delivered the Opinion of the Court.
This bill was filed by Lackey, against Burton and Hill, to set up a lost note, alleged to have been executed, in the year 1828, by the defendants to the complainant, for the sum of ninety six dollars, payable one hundred and twenty days after date; and which the complainant says he lost, with his pocket book, containing it, about the time it fell due, and cannot find it. An affidavit of the loss was filed with the bill.
Burton appears to have been a nonresident at the time of filing the bill, and as to him, a warning order was *82 taken, and a traverse filed by the clerk; and there being no proof, the bill, as to him, was dismissed on the hearing.
In a suitin chancery, to recover the sum due upon a lost note, the comp'ts own affidavit of the loss is, prima facie sufficient to give the court jurisdiction, and justify a decree, if the facts of the loss are detailed—as they always should be—and appear probable; though the defendant does not admit the loss, and declares he does not believe the complainants statement of it; for the party's affidavit would be sufficient at law; and, is, in general the only proof that the case will admit of.
There can be no decree against a non-resident, upon on a warning order and traverse, for the sum due by a lost note, without proof of the amount, date &c. But, if there is a resident, and non-resident obligor there may be a separate decree against the former, upon allegations of the bill, taken pro confesso.
*82 The defendant Hill answered, saying he does not admit the loss of the note, and charging that the complainant had sent it to the state of Burton’s residence, to be collected of him, and could get it at pleasure. To this statement, which was made a cross bill, the complainant answered, re-alleging the loss of the note and his inability to find it, and denying that he had sent it away as charged. And there being no proof of the loss of the note, except the complainants own statements and affidavit—the question arises whether these are sufficient when compared with the answer.
We are of opinion that the affidavit and other statements of the complainant should be deemed prima facie sufficient to give the court jurisdiction, and to let in proof of the contents of the note, notwithstanding the non-admission of the loss by the defendant. From the nature of the case, the party’s own oath is, in general, the best evidence that the fact admits of, and is necessarily so where, from manner or circumstances of the loss, which should always be stated, it appears probable, as in the present case, that no other person did or could know of the fact. What other or better proof could be made in such a case, than his own statement on oath? Should he prove by witnesses, that they had not seen the note since a particular period? or that since such a time, he had always said he had lost it, and could not find it? Such evidence, derived from his own acts or words, would certainly be no better than his direct statement of the fact on oath, And it seems to us, that to require other proof merely because the defendant says he does not admit the loss, he may always say when he does not actually know the fact, would amount, in general, to a denial of the jurisdiction of the court in all cases of lost instruments; which, according to the doctrine that has heretofore prevailed in this state, denying the right to sue at law in such a case, would be a denial of all remedy. But even at law, where the contents of a lost writing become material, the oath of the party himself is deemed sufficient to authorize the admission of other evidence, and much *83 more should it be deemed sufficient in Chancery until disproved; or at least, until positively denied. And the attempt to disprove the loss, in the present case, having wholly failed by the complainant’s denial of the facts charged, we think the chancellor had a right to decree upon the merits of the case—to which we now also proceed.
Complainant in his bill on a lost note, states the amount, date & time when it was due. Defendant in his answer admits the execution of the note, but the amount, date, &c. he says are not recollected, and therefore he does not admit &c. Compt. was entitled to defts. best recollection and belief; and as he neither admits, nor denies, the answer is considered so evasive as to entitle the complainant to a decree.
In answer to the precise allegations of the bill, as to the amount and date of the note, and time of its falling due, after admitting that he, with Burton, and as his security, had executed a note to the complainant, the defendant says, “The amount, or date of said note, or the period at which it fell due, is not recollected, and he therefore cannot admit the allegation of the complainant’s bill to be correct on these points.” The complainant had a right to the defendant’s best recollection and belief as to the amount, and date of the note, and the time of its falling due. He does not say he has no. recollection whatever on these points, nor does he directly deny that the allegations on the subject are true. But the effect of the answer is that, because he does not recollect the precise amount &c. of the note, therefore he cannot admit the allegations. This answer we consider to be insufficient and evasive—amounting virtually to an admission that he did not believe that the amount, date &c. were essentially variant from the statement of the complainant, and that they might be precisely as stated.— Such an answer, in our opinion, authorized a decree upon the statements of the bill. And, as we perceive no difficulty in decreeing severally against the resident defendant, without decreeing also against the nonresident party, as to whom there was no proof, and perhaps no jurisdiction, the decree is affirmed.